**KIRBY McINERNEY LLP**
Thomas W. Elrod
Karina Kosharskyy
825 Third Avenue, Floor 16
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
Email: telrod@kmllp.com
       kkosharskyy@kmllp.com

**POMERANTZ LLP**
Matthew L. Tuccillo
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: mltuccillo@pomlaw.com

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BLAKE BAUER,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE PHARMACEUTICALS, INC. and SCOTT TARRIFF,<br><br>Defendants. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Blake Bauer, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Eagle Pharmaceuticals, Inc. ("Eagle Pharmaceuticals" or the "Company"), with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Eagle Pharmaceuticals; and (c) review of other publicly available information concerning Eagle Pharmaceuticals.

## NATURE OF THE ACTION

1. This is a class action on behalf of purchasers of Eagle Pharmaceuticals securities between February 23, 2016 and March 18, 2016, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and Section 27 of the Exchange Act (15 U.S.C. §78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information

occurred in substantial part in this Judicial District. In addition, the Company's principal executive offices are located within this Judicial District.

5. In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

6. Plaintiff Blake Bauer, as set forth in the accompany certification, purchased Eagle Pharmaceuticals common stock during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or materials omissions alleged herein.

7. Defendant Eagle Pharmaceuticals, Inc. is a specialty pharmaceutical company focused on the development and commercialization of injectable products, primarily in the critical care and oncology areas. Eagle Pharmaceuticals is headquartered in Woodcliff Lake, New Jersey.

8. Defendant Scott Tarriff ("Tarriff") was at all relevant times Chief Executive Officer ("CEO") of Eagle Pharmaceuticals.

## SUBSTANTIVE ALLEGATIONS

9. Eagle Pharmaceuticals submitted its New Drug Application ("NDA") for its RTU bivalirudin product, Kangio™, to the U.S. Food and Drug Administration ("FDA") on May 20, 2015. Kangio™ is a ready-to-use blood thinning drug intended to prevent blood clotting in certain patients undergoing heart surgery. By June 30, 2015, the Company had announced that

the NDA had been accepted as filed by the FDA and that FDA action was due by March 19, 2016.

10. On February 23, 2016, the Company presented at an RBC investor conference. In response to a question regarding Kangio™'s FDA action date and expectations to launch the drug, Defendant Tarriff responded:

> We are in dialogue with FDA, as you would expect coming down to the final weeks before approval. ***We have every expectation that based on our file and the dialogue that's been ongoing that we'll get an approval***. So, March 19, three and a half weeks, and ***we expect to launch***. Obviously a very exciting opportunity for Eagle.
> (emphasis added).

11. On February 25, 2016, the Company issued a press release announcing its financial results for the fiscal year and quarter ended December 31, 2015. The Company announced an increase in total revenue and product sales compared to the three months ended December 31, 2014. Eagle Pharmaceuticals also stated that it "anticipate[s] launching RTU bivalirudin injection, which has been trademarked Kangio™, shortly after the March 19th PDUFA date, assuming FDA approval."

12. During an earnings call on that same day, Tarriff stated:

> Next up is our PDUFA milestone on March 19 for Kangio or RTU bivalirudin which is less than three weeks from now. Based on the Appellate Court's decision being vacated on Angiomax ***we currently expect to be the next entrant into this market ahead of other generics…So we feel good about our chances of capturing a meaningful share of that market. We have been interacting with FDA and we are preparing for launch, everything seems to be on track for a March 19 approval, and we anticipate shipping in late Q1 or early Q2***…[t]he important point to keep in mind is that we will likely be the next entrant into this limited market…
> (emphasis added).

13. On March 18, 2016, the Company announced that it had received a Complete Response Letter from the U.S. Food and Drug Administration (FDA) for its Kangio New Drug Application. In its letter, the FDA requested further characterization of bivalirudin-related

3

substances in the drug product. On this news, the stock price fell from its previous closing price of $53.68 to close at $43.50 on unusually high trading volume.

## CLASS ACTION ALLEGATIONS

14. Plaintiff bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of all those who purchased or otherwise acquired Eagle Pharmaceuticals securities on the open market during the Class Period and who were damaged upon revelation of the alleged corrective disclosure. Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

15. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Eagle Pharmaceuticals common stock was actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands, of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Eagle Pharmaceuticals or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

16. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law complained of herein.

17. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and securities litigation.

18. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether the prices of Eagle Pharmaceuticals securities during the Class Period were artificially inflated because of Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

19. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FIRST CLAIM
### Violation of Section 10(b) of The Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants

20. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

21. During the Class Period, Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material

5

facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Eagle Pharmaceuticals securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

22. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business and future prospects of Eagle Pharmaceuticals as specified herein.

23. These Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Eagle Pharmaceuticals' value and performance and continued substantial growth, which included omitting to state material facts necessary in order to make the statements made about Eagle Pharmaceuticals and its business operations in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of Eagle Pharmaceuticals securities during the Class Period.

24. Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly

and for the purpose and effect of concealing the likelihood of Kangio's New Drug Application approval, thereby artificially inflating price of its securities.

25. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Eagle Pharmaceuticals securities was artificially inflated during the Class Period.

26. At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the Company's drug, Kangio, which was not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Eagle Pharmaceuticals securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

27. By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

28. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

### SECOND CLAIM
### Violation of Section 20(a) of the Exchange Act Against Defendant Tarriff

29. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

30. Defendant Tarriff acted as a controlling person of Eagle Pharmaceuticals within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of his high-level position, agency, ownership and contractual rights, and participation in and/or awareness of the

7

Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Defendant Tarriff had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading. Defendant Tarriff was provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

31. In particular, Defendant Tarriff had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

32. As set forth above, Eagle Pharmaceuticals and Defendant Tarriff each violated Section 10(b), and Rule 10b-5 promulgated thereunder, by their acts and omissions as alleged in this Complaint.

33. By virtue of his position as a controlling person, Defendant Tarriff is liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B. Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: May 31, 2016

**KIRBY McINERNEY LLP**

_____
Thomas W. Elrod
Karina Kosharskyy
825 Third Avenue, Floor 16
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
Email: telrod@kmllp.com
       kkosharskyy@kmllp.com


**POMERANTZ LLP**
Matthew L. Tuccillo
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: mltuccillo@pomlaw.com

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Attorneys for Plaintiff*